1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONNIE O. BROWN,

11          Plaintiff,                    No. CIV S-07-0150 RRB EFB P

12       vs.

13   G. R. GONZALES, et al.,

14          Defendants.                 ORDER

15   _____/

16        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations.  *See*

17   42 U.S.C. § 1983; 42 U.S.C. §§ 12131 - 12164.  He seeks leave to proceed *in forma pauperis*.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21        Prisoners suing for alleged civil rights violations must pay the $350 filing fee even if the

22   court finds they cannot pay the fee at the time the complaint is filed.  *See* 28 U.S.C.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  This is accomplished by deducting payments from the prisoner's trust

24   account.  *See* 28 U.S.C. § 1915(b)(2).  Although plaintiff was in prison at the time he filed his

25   complaint, he has notified the court of his change of address to a residential address.  Thus, the

26   court cannot enforce section 1915(b)(2) and plaintiff need not pay the fee.

1

1      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

2   does not state a cognizable claim against any defendant.  To proceed, plaintiff must file an

3   amended complaint.

4      Any amended complaint must show that the federal court has jurisdiction and that

5   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

6   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

7   defendant only persons who personally participated in a substantial way in depriving plaintiff of

8   a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

9   subjects another to the deprivation of a constitutional right if he does an act, participates in

10  another's act or omits to perform an act he is legally required to do that causes the alleged

11  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

12  participants and allege their agreement to deprive him of a specific federal constitutional right.

13     In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

14  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

15  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

16  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

17     The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

18  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

19  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

20  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

21     Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

22  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

23  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

24  claim."); Fed. R. Civ. P. 8.

25     Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

26  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

1  defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

2  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

3  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

4  Civil Procedure is fully warranted" in prisoner cases).

5  A district court must construe pro se pleading "liberally" to determine if it states a claim

6  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,

8  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

9  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

10  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

11  Plaintiff alleges that he suffers from physical and mental disabilities. In conjunction with

12  this allegation, he asserts the following: (1) D. Carter and G. R. Gonzales failed to document his

13  disabilities, claimed that plaintiff was not disabled and denied the existence of records

14  documenting plaintiff's disabilities, thereby denying plaintiff access to programs; (2)  D. Carter

15  and G. R. Gonzales discriminated against him based on race to violate a court order; (3) Barry

16  Liata denied plaintiff reasonable accommodations for his disabilities and conspired with Steve

17  Luce to violate his parole by submitting false statements (5) Barry Liata, Steve Luce and

18  Veronica Green forged and altered plaintiff's parole discharge dates to keep plaintiff on parole

19  for arrest, thereby denying plaintiff the right to receive treatment by his general practitioner

20  physician; (6) Sandra Larson falsely told G. R. Gonzales that there were no records documenting

21  plaintiff's disability when she knew that such records existed; and,  (7) M. C. Cramer and

22  William J. Sullivan "maintained de facto policies, practices, customs, and procedures for

23  implementing a court ordered remedial plan which ultimately resulted in plaintiff sustained [sic]

24  injuries and degradation of health to his personal psyche."  To state a claim defendants violated

25  his rights under Title II of the Americans with Disabilities Act, plaintiff must allege:  (1) he is

26  disabled; (2) he is eligible, with or without accommodation, to receive or participate in a public

1   entity's services, programs or activities; (3) the entity excluded him from participation in or

2   denied him the benefits of its services, programs or activities, or otherwise discriminated against

3   him; and (4) the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's

4   disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  The Ninth Circuit Court of

5   Appeals has held services and programs to cover "all of the operations of" a qualifying local

6   government," *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d

7   725, 731 (9th Cir. 1999)(zoning is an activity covered by Title II of the ADA), including parole

8   and prison disciplinary hearings, *Armstrong v. Wilson*, 124 F.3d 1019, 1024 (9th Cir. 1997), and

9   substantive parole decisions, *Thompson*, 295 F.3d at 890.  To state a claim for conspiracy,

10   plaintiff must allege specific facts showing two or more persons intended to accomplish an

11   unlawful objective of causing plaintiff harm and took some concerted action in furtherance

12   thereof.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988);

13   *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Burns v. County of King*, 883

14   F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid §

15   1983 claim); *see also*, *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998)(to state claim for

16   conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged

17   conspirators to deprive him of his rights); *see also*, *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th

18   Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from

19   which such an agreement to deprive him of rights may be inferred).

20          Plaintiff's allegations fail to state a claim under these theories.

21          The court (and defendant) should be able to read and understand plaintiff's pleading

22   within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

23   defendants with unexplained, tenuous or implausible connection to the alleged constitutional

24   injury or joining a series of unrelated claims against many defendants very likely will result in

25   delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

26   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

1   An amended complaint must be complete in itself without reference to any prior

2   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

3   files an amended complaint, the original pleading is superseded.

4   Plaintiff is admonished that by signing an amended complaint he certifies he has made

5   reasonable inquiry and has evidentiary support for his allegations, and that for violation of this

6   rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

7   Civ. P. 11.

8   A prisoner may bring no civil rights action until he has exhausted such administrative

9   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

10  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

11  amended complaint he certifies his claims are warranted by existing law, including the law that

12  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

13  his action.

14  Accordingly, the court hereby orders that:

15  1. Plaintiff's request to proceed *in forma pauperis* is granted.

16  2. The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

17  original and one copy of the amended complaint, which must bear the docket number assigned to

18  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

19  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

20  an amended complaint stating a cognizable claim the court will proceed with service of process

21  by the United States Marshal.

22  Dated:  February 8, 2008.

23  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

24

25

26

5